

**SO ORDERED.**

**SIGNED this 08 day of August, 2005.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| In re: | No. 04-10579<br>Chapter 13 |
| JEFFERY PAUL MEEKS,<br><br>      Debtor. | |
| JEFFERY PAUL MEEKS,<br><br>      Plaintiff | |
| v. | Adversary Proceeding<br>No. 04-1172 |
| CITIZENS TRI-COUNTY BANK,<br>CYNTHIA JAMES, RALPH RIEBEN,<br>BONNIE RIEBEN, LUCY PARSONS,<br>and WILLIAM TREY ANDERSON, III,<br><br>      Defendants. | |

**ORDER AND MEMORANDUM**

This matter is before the court on a "Motion for Summary Judgment of William

Anderson, III," pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure; the "Response to Defendant Anderson's Request for Summary Judgment" filed by the plaintiff; and the "Rebuttal to Plaintiff's Response to Motion for Summary Judgment of William Anderson, III."

Jeffery Paul Meeks (hereinafter "plaintiff") filed a "Complaint to Void Foreclosure Sales, Revest Title and for Violation of Automatic Stay." The defendant, Citizens Tri-County Bank (hereinafter "Bank"), by and through defendant, William Trey Anderson, III (hereinafter, "Anderson"), as substitute trustee, conducted a foreclosure sale of two tracts of land owned by the plaintiff and secured by two deeds of trust in favor of the Bank. At the foreclosure sale, the co-defendants, Ralph and Bonnie Rieben purchased one tract of land and the Bank purchased the other tract. Defendant Lucy Parsons subsequently purchased this tract from the Bank. Plaintiff asserts that the sale was conducted on January 29, 2004 at 11:30 a.m., Central Standard Time; however, at 9:41 a.m. Eastern Standard Time, plaintiff had filed his petition in bankruptcy. Plaintiff's complaint states that the foreclosure sale was conducted in violation of the automatic stay of 11 U.S.C. § 362. He has requested an award of compensatory and punitive damages, as well as costs and attorneys fees, against all of the defendants for their willful violation of the automatic stay.

11 U.S.C. § 362(h) provides "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Anderson requests summary judgment in his favor, contending that he is not a proper party to this litigation and that the case against him should be dismissed because the answers to interrogatories and responsive pleadings establish no willful violation of the automatic stay.

Pursuant to Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7056, summary judgment is available only when a party is entitled to a

judgment as a matter of law and when, after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories, and depositions in a light most favorable to the nonmoving party, there remain no genuine issues of material fact.  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  The factual dispute must be genuine.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d l472 (6th Cir. 1989).  The moving party must inform the court of the basis of its motion and clearly and convincingly demonstrate "the absence of any genuine issues of material fact."  *Sims v. Memphis Processors, Inc.,* 926 F.2d 524, 526 (6th Cir. 1991).  If this initial burden is met, the nonmoving party is required to defeat the summary judgment motion by presenting "'significant probative evidence,' showing that genuine, material factual disputes remain."  *Id.* (citation omitted) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986)).  The nonmoving party will not be allowed to rely on the mere allegations of its pleadings or "on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact."  *Street*, 886 F.2d at 1479.  Rather, it must "go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986) (quoting Fed R. Civ. P. 56(c), (e)).

In his "Response to Defendant Anderson's Request for Summary Judgment," plaintiff "acknowledges that Defendant Anderson did not wilfully violate the Automatic Stay."  Therefore, by agreement of the parties there is no issue of material fact with respect to plaintiff's complaint against Anderson for damages for willful violation of the automatic stay of 11 U.S.C. § 362.  Furthermore, in the event that the transfer of the property via the foreclosure sale is held to be void, it does not appear that the substitute trustee will be necessary for the reconveyance of the property,

and is, therefore, not necessary as a party to this case. *See Ferris v. Eichbaum*, 63 Tenn. (4 Baxt.) 70 (1874)(question of whether a sale by a trustee passed title or was void for trustee's failure to give bond or qualify as required is an issue between the complainants and the present owner or claimant); *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132 (1952)(held, the trustee was not a necessary party in an action to set aside a deed in a foreclosure because the controversy could be resolved without his presence). Therefore, summary judgment is appropriate. Other issues raised by Anderson's Motion for Summary Judgment are pretermitted by this Order. Accordingly,

It is ORDERED that the Motion for Summary Judgment filed by William Anderson is GRANTED and the defendant William Anderson is hereby DISMISSED as a party in this proceeding.

# # #