

**SIGNED this 12 day of August, 2005.**

_____
**R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| In re: | No. 04-10579 |
| | Chapter 13 |
| JEFFERY PAUL MEEKS, | |
|     Debtor. | |
| | |
| JEFFERY PAUL MEEKS, | |
|     Plaintiff | |
| v. | Adversary Proceeding |
| | No. 04-1172 |
| CITIZENS TRI-COUNTY BANK, | |
| CYNTHIA JAMES, RALPH RIEBEN, | |
| BONNIE RIEBEN, LUCY PARSONS, | |
| and WILLIAM TREY ANDERSON, III, | |
|     Defendants. | |

**MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT
OF CITIZENS TRI-COUNTY BANK**

This matter is before the court on a "Motion for Summary Judgment Filed on Behalf of Defendant Citizens Tri-County Bank," the "Objection and Response of Cynthia James to Motion of Citizens Tri-County Bank for Summary Judgment," and the "Response to Defendant Citizen Tri-county Bank's Request for Summary Judgment" by the debtor, Jeffery Paul Meeks.

The defendant, Citizens Tri-County Bank (hereinafter "Bank"), by and through its substitute trustee, conducted a foreclosure sale of two tracts of land owned by Jeffery Paul Meeks (hereinafter "debtor") and secured by two deeds of trust in favor of the Bank. At the foreclosure sale, the co-defendants, Ralph and Bonnie Rieben, purchased one tract of land and the Bank purchased the other tract. Defendant Cynthia James (hereinafter "Ms. James") subsequently purchased this tract from the Bank. The foreclosure sale was conducted on January 29, 2004 at 11:15 a.m., Central Standard Time; however, the debtor had filed a bankruptcy petition at 9:41 a.m., Eastern Standard Time. Debtor's complaint in this adversary proceeding asserts that the foreclosure sale was conducted in violation of the automatic stay of 11 U.S.C. § 362, and he has requested an award of compensatory and punitive damages, as well as costs and attorney's fees, against all defendants for their willful violation of the automatic stay. The cross-claim filed against the Bank by Ms. James asserts an action for recovery of compensatory and punitive damages in the amount of $50,000.00 for the emotional distress she incurred as the result of the debtor's actions during a physical confrontation between Ms. James and the debtor, and/or damages arising from the Bank's failure to convey clear title to the property and failure to provide adequate or timely notice of the debtor's bankruptcy.

11 U.S.C. § 362(h) provides "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in

appropriate circumstances, may recover punitive damages." The Bank requests entry of summary judgment against the debtor, contending that the responses in the pleadings establish no willful violation of the automatic stay. Indeed, in his "Response to Defendant Citizen Tri-County Bank's Request for Summary Judgment," the debtor acknowledges in paragraph 1 "that Defendant Citizens Tri-County (Bank) did not wilfully violate the Automatic Stay." Therefore, partial summary judgment is awarded in favor of the Bank on the issue of willful violation of the automatic stay. With respect to the remaining issues raised by the debtor in his complaint against the Bank, the facts necessary to determine whether the foreclosure proceeding violated the automatic stay of 11 U.S.C. § 362 and was void or voidable are in dispute. Furthermore, the Bank is an indispensable party in making that determination. Therefore, summary judgment in favor of the Bank is not appropriate on the remaining issues raised by the debtor in his complaint.

The Bank has filed a motion for summary judgment with respect to the cross-claim of Ms. James. In her cross-claim, Ms. James has alleged that the Bank should be responsible to her for the purchase price of $6,118.00, plus accrued interest, costs and other fees incurred in the acquisition of and since the purchase of the real property. Ms. James also seeks to recover damages as a result of her emotional distress and/or punitive damages from the Bank. It is the latter on which the motion for summary judgment is based.

In order to grant summary judgment, the moving party must inform the court of the basis of its motion and clearly and convincingly demonstrate "the absence of any genuine issues of material fact." *Sims v. Memphis Processors, Inc.,* 926 F.2d 524, 526 (6th Cir. 1991). If this initial burden is met, the nonmoving party is required to defeat the summary judgment motion by presenting "'significant probative evidence,' showing that genuine, material factual disputes remain." *Id.* (citation omitted) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir.

1986)). The nonmoving party will not be allowed to rely on the mere allegations of its pleadings or "on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact." *Street*, 886 F.2d at 1479. Rather, it must "go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986) (quoting Fed R. Civ. P. 56(c), (e)).

It is the position of Ms. James, supported by deposition testimony, that the Bank through its agents had knowledge of the filing of the bankruptcy and its effect upon the foreclosure in sufficient time to advise Ms. James of the potential title problems. It is her position that the Bank had a duty to notify her and failed to properly do so. She contends that the Bank's failure to promptly notify her of the title problems was the proximate cause of injuries she has suffered, including emotional distress. The Bank has not argued that it had no duty to notify Ms. James. It has argued that its notification to her was reasonable under these circumstances. The Bank has also argued that Ms. James has no compensable medical injuries, and that even if she did, the Bank's actions were not the proximate cause of her injuries.

With respect to the extent of her injuries, there has been no evidence produced in this motion for summary judgment. There is only a statement by the Bank's counsel that medical information has been requested but not yet supplied. There is no supporting documentation of the request having been made or having been refused. While it is true that it is Ms. James's burden of proof on this issue, *Lourcey v. Estate of Scarlett*, 146 S.W. 3d 48 (Tenn. 2004), it is incumbent upon the Bank for purposes of summary judgment to demonstrate there is no such evidence available. Because there appear to be facts in dispute from the excerpts of depositions submitted, the Court must conclude that summary judgment on the cross-claim should be denied.

# # #

Case 1:04-ap-01172-rts    Doc 70    Filed 08/12/05    Entered 08/12/05 16:34:22    Desc
Main Document    Page 5 of 5